**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANTHONY BRIAN MALLGREN,           )
                                  )
        Plaintiff,                )
                                  )
    v.                            )       Civil Action No.   26-01476 (UNA)
                                  )
META PLATFORMS, INC.,             )
                                  )
                                  )
        Defendant.                )

**<u>MEMORANDUM OPINION</u>**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff "experienced multiple difficulties" while "using Facebook." The difficulties include "[s]eemingly not publishing some posts/comments," "[e]diting videos with malintent," and "[n]ot allowing the option to deactivate/delete the account."  Compl. ¶¶ 1-2.  He seeks "specific performance in resolving system anatomical identity management constraints" and $75,000 in "compensation."  *Id*. ¶¶ 3, 4.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Under Rule 8, a complaint must contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (cleaned up).  Complaints failing to cross "the line from conceivable to plausible . . . must be dismissed," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), as should those failing to "articulate a factual or legal basis for relief," *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citing *Karim–Panahi v. U.S. Congress*, 105 F. App'x 270, 274 (D.C. Cir. 2004)).

Plaintiff has not alleged a legal basis and sufficient facts to state a plausible claim for relief. Therefore, this case will be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order accompanies this opinion.

_____/s/_____
RANDOLPH D. MOSS
Date: July 27, 2026                     United States District Judge